ERNEST ZIDACK *vs.* JULIA R. ELBAG.

JULY 21, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit in which, on defendant's motion at the conclusion of plaintiff's evidence, the superior court adjudged him nonsuit. Plaintiff is seeking a new trial and has brought the case here on his bill of exceptions containing an exception to such ruling and also an exception to the denial of his motion to take the

case from the jury with leave to him to amend his declaration.

These exceptions have been fully briefed and argued but upon consideration we are of the opinion that a review by this court of either ruling is unnecessary. Apparently plaintiff realized that his declaration was not consistent with the evidence and desired another trial under a new declaration. Had his motion been granted that is all he could have obtained. However, he has the right to do that now without any action by us. A compulsory nonsuit under our practice is not res adjudicata. *Sullivan* v. *John R. White & Son, Inc.,* 36 R. I. 488. It is no bar to a subsequent action. *Robinson* v. *Merchants' & Miners' Transportation Co.,* 16 R. I. 637. Even though the time within which an action could be commenced originally may have expired, a new action for the same cause can be brought within one year after a compulsory nonsuit. *Pesce* v. *Mondare,* 30 R. I. 247.

Plaintiff thus has the statutory right to obtain the same result as if we were to sustain his exceptions. In such circumstances the questions raised by those exceptions in our judgment are merely academic.

The plaintiff's exceptions are overruled *pro forma,* and the case is remitted to the superior court for entry of judgment for the defendant.

*Nathan Perlman,* for plaintiff.

*Ralph Rotondo, Michael Addeo,* for defendant.